Alice Robie Resnick, J.,
concurring in part and dissenting in part. I would affirm in toto the judgment of the trial court, including Green’s death sentence. I do not agree with the majority’s conclusion that Green’s right of allocution was violated.
Although the majority opinion sets forth much of the exchange that took place between the trial court and Green’s attorneys prior to sentencing, that exchange is detailed more fully below to support my view that Crim.R. 32 was not violated:
“The Court: All right. Is there anything with regard to. those offenses, Counsel or Mr. Green, prior to the Court passing sentence on both those counts as well as on Counts 7, 8 and 10?
“Mr. Cameron [defense counsel]: Anything we wish to say?
“The Court: Yes.
“Mr. Wingate [defense counsel]: The only thing that we would add, Your Honor, is that it’s my understanding of the law that — that if the firearm specification which is attendant to those counts arose out of the same transaction and met that format, then there would be one firearm, which would mean there would be one 3-year sentence that would be attendant to those charges, and we just ask the Court — ■
“The Court: I believe I already indicated that, but that’s our finding.
“Mr. Wingate: All right. Then nothing further.” (Emphases added.)
*380 I have little quarrel with the legal standards set forth in the majority opinion regarding the importance of the right of allocution and the need to adhere to the requirements of Crim.R. 32. However, as the above discourse unmistakably illustrates, the record makes clear that this defendant was “issued a personal invitation to speak prior to sentencing,” and that this defendant chose not to take advantage of the unambiguous opportunity to make a statement. See Green v. United States (1961), 365 U.S. 301, 305, 81 S.Ct. 653, 655, 5 L.Ed.2d 670, 674.
The trial court explicitly addressed “Mr. Green,” as well as trial counsel, before sentence was passed. As demonstrated by the trial court’s response to Mr. Cameron’s clarifying question, this was an invitation to “Mr. Green” to say anything he wished to say. After Mr. Wingate made a comment and Green did not say anything, then Mr. Wingate explicitly stated “nothing further.” From the context of the entire dialogue, there should be no question that the declaration “nothing further” should be fairly interpreted as a clear indication by counsel that Green had no desire to make his own statement.
Because I strongly disagree with the majority’s statement that “[t]he record demonstrates a clear violation of Crim.R. 32,” I respectfully dissent.
Douglas, J., concurs in the foregoing opinion.